# UNITED STATES DISTRICT COURT
## District of Minnesota

| | |
|---|---|
| 3M Company | **JUDGMENT IN A CIVIL CASE** |
| Plaintiff, | |
| v. | Case Number: 20-cv-01314-SRN-DTS |
| Matthew Starsiak, AMK Energy Services LLC, John Does 1 - 10 | |
| Defendants. | |

☐ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. Pursuant to 15 U.S.C. § 1116, Defendant are permanently enjoined from:

    a. Using the 3M Marks, and any other word, name, symbol, device, or combination thereof that is confusingly similar to the 3M Marks, for, on, and/or in connection with the manufacture, distribution, advertising, promoting, brokering, offering for sale, and/or sale of any goods or services, including, without limitation, Plaintiff's 3M-brand N95 respirators, and

    b. Claiming to be (1) agents, distributors, employees, or contractors of 3M, and/or (2) in any way affiliated with or have a relationship with 3M, its distributors, its legal department, or any 3M employees, regardless of department, including Ivan Fong and Haley Schaffer, in connection with the manufacture, distribution, advertising, promoting, brokering, offering for sale, and/or sale of any goods or services, including, without limitation, Plaintiff's 3M-brand N95 respirators.

2. Pursuant to 15 U.S.C. § 1118, Defendants will promptly and immediately destroy any

unauthorized goods and materials within the possession, custody, and control of Defendants that bear, feature, and/or contain any copy or colorable imitation of 3M's Marks.

3. Defendants will give prompt notice of this Consent Judgment and Permanent Injunction to Mark Wright, Mica Xavier, Eric Schuster, Kim Schafer, Fernando Dalmau, any business purporting to operate as "Redstone," Bionica, and Tim Dupler.

4. Defendants have waived notice and service of entry of the Consent Judgment and Permanent Injunction, and have agreed that violation of the Consent Judgment and Permanent Injunction will expose Defendants to all penalties provided by law. Defendants agree not to appeal or otherwise attack the validity or enforceability of the Consent Judgment and Permanent Injunction.

5. Any claims for damages and attorneys' fees and costs related to this Litigation and incurred through the date of entry of this Consent Judgment and Permanent Injunction have been resolved between the parties and are hereby disposed of by this Order. Nothing herein will be construed to prohibit 3M from seeking its attorneys' fees and costs in connection with any actions taken to enforce this Consent Judgment and Permanent Injunction in the future.

6. Entry of this Consent Judgment and Permanent Injunction resolves the Litigation and is binding and preclusive with respect to the Parties. But the Consent Judgment and Permanent Injunction do not preclude Defendants from contesting liability against any other party in any other matter or proceeding.

7. This Court will maintain continuing jurisdiction over this action for the purpose of enforcing this Consent Judgment and Permanent Injunction and Settlement Agreement. 3M is authorized to seek to enforce the terms of this Consent Judgment and Permanent Injunction, and 3M will be entitled to its reasonable attorneys' fees and costs incurred for any action to enforce the terms of this Consent Judgment and Permanent Injunction based on the Defendants' failure to comply, in any way, with their obligations set forth within.

Date: 10/29/2020                                                                 KATE M. FOGARTY, CLERK